IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS DWAYNE CONISH | § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 3-09-CV-1129-L |
| | § | |
| BUSH ADMINISTRATION 2008, ET AL. | § § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Travis Dwayne Conish, a former Texas prisoner, against a group of defendants identified only as the "Bush Administration 2008" and the "Obama Administration 2009." On June 15, 2009, plaintiff submitted a two-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On June 22, 2009, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute

pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. The interrogatories were remailed to plaintiff on July 22, 2009. Once again, plaintiff was warned that the failure to serve interrogatory answers within 20 days "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." To date, plaintiff still has not answered the interrogatories. The court now determines that this case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

A.

The court sent written interrogatories to plaintiff nearly two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See*

*Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

B.

The court further determines that plaintiff's complaint should be dismissed with prejudice. A dismissal with prejudice may be warranted where a plaintiff's litigation history as a whole reveals a clear record of contumacious conduct. *See Edmond v. Quarterman*, No. 3-08-CV-1396-M, 2008 WL 5157857 at *4 (N.D. Tex. Dec. 8, 2008). The Fifth Circuit has defined "contumacious conduct" as the "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988), *quoting John v. State of Louisiana*, 828 F.2d 1129, 1131-32 (5th Cir. 1987). In addition, courts generally require the presence of at least one of three aggravating factors to justify a dismissal with prejudice: (1) delay caused by the litigant himself; (2) actual prejudice to the opposing party; or (3) delay caused by intentional conduct. *See Edmond*, 2008 WL 5157857 at *3, *quoting Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

Over the past two years, plaintiff has filed 15 different lawsuits in this district. Thirteen of those cases were dismissed for want of prosecution or for failure to comply with a court order. *See Conish v. Terrell State Hospital,* No. 3-09-CV-0212-P (N.D. Tex. Apr. 29, 2009); *Conish v. Deputy on Shift of Cell 8 and Cell 7*, No. 3-08-CV-2274-K (N.D. Tex. Mar. 23, 2009); *Conish v. Social Security Administration of U.S.A.*, No. 3-08-CV-2177-K (N.D. Tex. Mar. 2, 2009); *Conish v. Dallas County Police*, No. 3-07-CV-2178-D (N.D. Tex. Nov. 14, 2008); *Conish v. North Texas Job Corps*, No. 3-08-CV-0804-B (N.D. Tex. Aug. 19, 2008); *Conish v. Terrell State Hospital*, No. 3-07-CV-2180-O (N.D. Tex. Jul. 31, 2008); *Conish v. North Texas Job Corps*, No. 3-08-CV-0506-K (N.D. Tex. Jul. 28, 2008); *Conish v. State of Texas*, No. 3-08-CV-0437-D, 2008 WL 2522495 (N.D. Tex.

Jun. 24, 2008); *Conish v. Bankston Chevrolet*, No. 3-07-CV-2176-B, 2008 WL 1885759 (N.D. Tex. Apr. 28, 2008); *Conish v. City of Dallas*, No. 3-07-CV-2175-M, 2008 WL 1793027 (N.D. Tex. Apr. 15, 2008); *Conish v. Terrell State Hospital*, No. 3-07-CV-2179-K, 2008 WL 1776452 (N.D. Tex. Mar. 19, 2008); *Conish v. Rusk State Hospital*, No. 3-07-CV-2177-G (N.D. Tex. Mar. 13, 2008); *Conish v. Presbyterian Hospital of Dallas*, No. 3-07-CV-2181-K, 2008 WL 681476 (N.D. Tex. Mar. 11, 2008). A search of the PACER website reveals that plaintiff has filed at least nine other lawsuits in federal courts in Texas and Arizona. Five of those cases were dismissed for failure to comply with court orders. *See Conish v. Century Apartments*, No. 4-08-CV-0124-MHS-DDB (E.D. Tex. Jun. 24, 2008); *Conish v. Commission Police Officers*, No. 2-08-CV-0661-MHM (D. Ariz. May 19, 2008); *Conish v. Jones*, No. 2-08-CV-0490-JAT (D. Ariz. Apr. 16, 2008); *Conish v. Motelle*, No. 2-08-CV-0487-DKD (D. Ariz. Apr. 11, 2008); *Conish v. Citizen and Non-Citizens*, No. 2-08-CV-0491-ECV (D. Ariz. Mar. 21, 2008).[1] In view of this litigation history, the court has little difficulty in concluding that plaintiff has engaged in a pattern and practice of intentionally refusing to comply with court orders, thereby delaying the ability of the court to screen his complaints and, ultimately, resulting in the dismissal of his cases. This clear record of contumacious conduct justifies a dismissal with prejudice. *See Smilde v. Snow*, 73 Fed.Appx. 24, 25, 2003 WL 21754965 at *1 (5th Cir. Jul. 30, 2003) (holding that plaintiff's history of delay and refusal to follow court orders warranted dismissal with prejudice).

---

[1] Two cases were dismissed for lack of jurisdiction. *See Conish v. Room 230*, No. 2-08-CV-0485-JAT (D. Ariz. Apr. 15, 2008); *Conish v. Jackson*, No. CV-08-486-PHX-DGC, 2008 WL 820563 (D. Ariz. Mar. 25, 2008). Two other cases were dismissed for failure to comply with the Federal Rules of Civil Procedure. *Conish v. Diesel*, No. 2-08-CV-0489-FJM (D. Ariz. Mar. 26, 2008); *Conish v. Shakur*, No. 2-08-CV-0488-SRB (D. Ariz. Mar. 14, 2008).

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits). In light of plaintiff's litigation history, he should be warned that any future lawsuits dismissed as frivolous, for failure to prosecute, or for failure to comply with a court order may result in the imposition of sanctions. Such sanctions may include an order barring him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that any future lawsuits dismissed as frivolous, for failure to prosecute, or for failure to comply with a court order may result in the imposition of

sanctions, including an order barring him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE